**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 3**

Docket No. CH-0731-14-0365-I-1

**Charles V. Neighoff,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

January 6, 2015

John J. Rigby, Esquire, Arlington, Virginia, for the appellant.

Laurie K. Simonson, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of a negative suitability determination as untimely filed without good cause.  For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Opinion and Order.

## BACKGROUND

¶2        Effective June 14, 2013, the agency terminated the appellant from his position as a Physical Security Specialist with the Federal Protective Service (FPS) after the agency's Personnel Security Unit found him unsuitable for the position.  Initial Appeal File (IAF), Tab 1 at 9-12.  The appellant did not file an appeal until over 8 months later, on March 20, 2014.  IAF, Tab 1.  Consequently, the administrative judge issued a timeliness order informing the appellant that his appeal appeared to be untimely by 249 days and directing him to file evidence and argument to prove either that his appeal was timely or that good cause existed for his untimely filing.  IAF, Tab 3.  In response, the appellant asserted that the filing period was tolled under the Servicemembers Civil Relief Act of 2003 (SCRA), 50 U.S.C. app. § 526(a), due to his military service between his date of termination on June 14, 2013, and the date he filed his appeal on March 20, 2014.  IAF, Tab 4 at 4-7.  Alternatively, the appellant asserted that good cause existed for his untimely filing because he was initially misinformed by several agency officials that, as a probationary employee, he did not have Board appeal rights.  *See id.* at 8.

¶3        The appellant, a member of the Maryland Air National Guard, submitted numerous declarations and military orders outlining the nature of his military service during the relevant time.  Based on the record below, from May 1, 2013 to June 30, 2013, the appellant was ordered, pursuant to 32 U.S.C. § 502, to attend pre-deployment training at Fort Indian Town Gap in Pennsylvania and at Creech Air Force Base in Nevada.  IAF, Tab 4 at 14, Tab 17 at 17, Tab 33 at 25, 32.  From July 1, 2013, through April 9, 2014, the appellant was on active duty under 10 U.S.C. § 12302, and served in Afghanistan in support of Operation Enduring

Freedom as prescribed by the President under Executive Order 13223.[1]  IAF, Tab 17 at 22, 26.  The appellant departed for Afghanistan on June 30, 2013, and returned to the United States on February 10, 2014, after which he was out-processing (to end a military tour of duty, accompanied by the necessary paperwork) until his release from active duty on April 9, 2014.  IAF, Tab 4 at 16-17, Tab 32 at 6.  In addition, after his return from Afghanistan, but prior to his release from active duty, the appellant's reserve unit was called to duty in Western Maryland after a severe snowstorm from February 23, 2014, to March 1, 2014.  IAF, Tab 4 at 18.

¶4    In an initial decision, issued without holding the appellant's requested hearing, the administrative judge dismissed the appeal as untimely filed without good cause for the filing delay.  IAF, Tab 35, Initial Decision (ID).  The administrative judge found that the SCRA's tolling provision did not apply to the appellant's pre-deployment training or deployment to Western Maryland to assist with snowstorm recovery.  ID at 4-5, 8.  The administrative judge further found that, although the SCRA applied to the appellant's service under Operation Enduring Freedom beginning on July 1, 2013, the appellant's return from Afghanistan on February 10, 2014, terminated the tolling because he was effectively released on that date, notwithstanding that his military orders provide a release date of April 9, 2014.  ID at 6-8.  Lastly, the administrative judge found that the appellant failed to establish good cause for his filing delay because the agency properly advised him of his Board appeal rights in the removal decision letter.  ID at 9.

¶5    The appellant has filed a petition for review in which he asserts that the administrative judge erred in her interpretation of the SCRA's application to his

---

[1] The appellant was initially called to active duty from July 1, 2013, to June 30, 2014. IAF, Tab 17 at 22.  A subsequent order shortened his active duty from July 1, 2013, through April 9, 2014.  *Id*. at 26.

military service. Petition for Review (PFR) File, Tab 1. Specifically, the appellant primarily argues that the SCRA's tolling provision was not terminated upon his return from Afghanistan but rather continued while he was on active duty until his official release on April 9, 2014, as shown on his military order and DD-214 form, which are part of the record below. *See id.* at 5-6. To that end, the appellant also argues that the administrative judge erred in finding that he failed to show that his military status required him to devote his entire energy to the defense needs of the nation or that tolling was required to protect his rights after his return from Afghanistan on February 10, 2014, because the SCRA tolling provision is automatic. *See id*. at 9-10. The appellant also contends that, under section 516(a) of the SCRA, tolling should have begun earlier on February 11 or 12, 2013, when he received notice of his activation for duty. *Id.* at 12-13. Lastly, the appellant asserts that the SCRA applies to his pre-deployment training because it was for federal purposes and, as a result, the filing period also should have been tolled during this time. *Id.* at 13. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 3. The appellant has filed a reply. PFR File, Tab 4.

## ANALYSIS

¶6      Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). The appellant received notice of the June 14, 2013 removal decision on or about June 17, 2013. IAF, Tab 4 at 14. Thus, assuming that the appellant received the decision on June 17, 2013, the deadline for his Board appeal was July 17, 2013, and, as the administrative judge correctly found, the appellant's March 20, 2014 appeal was filed more than 8 months after the 30-day deadline. ID at 2. After a careful review of the record, however, we agree with the appellant that the filing period was tolled under the SCRA while he was on

active duty from July 1, 2013, to April 9, 2014, and the administrative judge erred in finding that his return from Afghanistan, prior to his official release from active duty, terminated the tolling protection of the SCRA.

¶7        The tolling provision of the SCRA provides that the "period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns."    50 U.S.C. app. § 526(a); *see Brown v. U.S. Postal Service*, 106 M.S.P.R. 12, ¶¶ 12-14 (2007) (applying the SCRA tolling provision to Board proceedings).  The SCRA defines "military service" for National Guard members to include: "service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under section 502(f) of Title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds." 50 U.S.C. app. § 511(2)(A)(ii).  The SCRA further defines "period of military service" as "the period beginning on the date on which a servicemember enters military service and ending on the date on which the servicemember is *released* from military service or dies while in military service."  50 U.S.C. app. § 511(3) (emphasis added).

¶1        We agree with the administrative judge that the appellant's active duty in Afghanistan from July 1, 2013, to February 10, 2014, constitutes military service within the meaning of the SCRA and thus tolled the filing period for his Board appeal.  *See* ID at 5-6.  At issue on appeal is when the appellant was released from military service, thereby terminating the SCRA's tolling provision.  As discussed, the administrative judge found that the appellant was effectively released from military service when he returned from Afghanistan on February 10, 2014.  ID at 7-8.  We disagree.  The appellant alleges that, although

he returned from Afghanistan on February 10, 2014, he was undergoing out-processing and his DD-214 form shows that he was not released from active duty until April 9, 2014. IAF, Tab 32 at 6, Tab 4 at 16-17. According to the DD-214 form, the appellant entered active duty on July 1, 2013, was separated on April 9, 2014, and the type of separation identified is "Release from Active Duty." IAF, Tab 32 at 6.

¶8      We find the DD-214 form controlling as to the date of the appellant's release from active duty. The express purpose of a DD-214 form is to "record and report the transfer or separation of military personnel from a period of active duty" and, significantly, to also provide "[a]ppropriate governmental agencies with an authoritative source of information which they require in the administration of Federal and State laws applying to personnel who have been discharged, otherwise released, or transferred to a Reserve component while on active duty." 32 C.F.R. § 45.2(b).

¶9      In addition, we find that the administrative judge erred in considering whether the appellant's military service after February 10, 2014, actually precluded him from filing his appeal. ID at 8. The Board has held that a showing of military service under the SCRA, and its predecessor Soldiers' and Sailors' Civil Relief Act of 1940, automatically tolls the filing period and the appellant "need not show that the circumstances of his military service actually impaired his ability to pursue his legal rights in a timely fashion." *Henry v. U.S. Postal Service*, 69 M.S.P.R. 555, 558 (1996); *see Brown*, 106 M.S.P.R. 12, ¶ 13; *see also Davis v. Department of the Air Force*, 51 M.S.P.R. 246, 249-50 (1991). Accordingly, we find that the filing period was tolled for the entire duration of the appellant's active duty from July 1, 2013, to April 9, 2014, and the appellant's March 20, 2014 appeal was timely filed.[2]

_____

[2] The 30-day filing period began to run on June 18, 2013, the first day after the appellant received the removal decision. *See* 5 C.F.R. § 1201.22(b)(1); *see also*

## ORDER

¶10      For the reasons discussed above finding that the appeal was timely filed, we REMAND this case to the regional office for further adjudication on the merits of the negative suitability determination.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.

---

5 C.F.R. § 1201.23. Less than 30 days elapsed prior to the appellant's entry on active duty on July 1, 2013. Because we find that the appellant's active duty from July 1, 2013, to April 9, 2014, sufficiently tolled the filing period to render the appellant's March 20, 2014 appeal timely, we decline to address whether his pre-deployment training tolled the filing period for the 13 days prior to his entry on active duty. We similarly decline to address whether tolling began earlier under section 516(a) of the SCRA. In light of our disposition, we do not address whether the appellant established good cause for his untimely filing.